IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Darryl Keith Louis Jr., also known as Sadiq, | ) | C/A No. 1:25-cv-6453-BHH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Joel Anderson, Donald Beckwith, and Lester Bandy | ) | |
| Defendants. | ) | |

Plaintiff Darryl Keith Louis, Jr., also known as Sadiq ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, asserts claims pursuant to 42 U.S.C. § 1983 against South Carolina Department of Corrections ("SCDC") interim director, Joel Anderson, Warden of Wateree Correctional Institution ("Wateree"), Donald Beckwith ("Beckwith"), and Wateree Chaplain Lester Bandy ("Bandy") (collectively "Defendants"). Plaintiff challenges SCDC's policy forbidding in-cell possession of prayer oil, arguing it violates Plaintiff's sincerely-held religious beliefs and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc et seq. ("RLUIPA"). (ECF No. 1 at 4-5; *see also* ECF Nos. 23, 46 at 2 (abandoning other claims asserted in his complaint)). At the time Plaintiff filed this action, he was incarcerated at Wateree River Correctional Institution, and he alleges that "[t]he events given [sic] rise to [his] claim all occurred at Wateree River Correctional Institution." (ECF No. 1 at 6.) He further alleges that "the issue about in-cell possession of prayer oil occurred on 4/4/25." (*Id.*)

On July 22, 2025, Plaintiff was transferred out of Wateree Correctional Institution ("WCI"), spent some time at Kirkland Correctional Institution, and then was assigned to Trenton Correctional Institution on October 7, 2025. (*See* ECF Nos. 20, 47-1.)

Now pending before the Court are several motions. Plaintiff has filed a motion to compel (ECF No. 22; *see also* ECF No. 36); a motion for temporary restraining order and for preliminary injunction (ECF No. 35); and a motion for summary judgment. (ECF No. 46.) Defendants have filed a motion to dismiss for lack of jurisdiction or alternatively for summary judgment. (ECF No. 62.) The dispositive motions have been fully briefed and are ripe for review. (*See* ECF Nos. 47, 57, 63, 66-70.) Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., these motions were referred to a United States Magistrate Judge for consideration.

On March 2, 2026, United States Magistrate Judge Shiva Hodges issued a Report and Recommendation ("Report") recommending that the Court deny as moot Plaintiff's motion to compel, deny Plaintiff's motions for injunctive relief and summary judgment and grant Defendants' motion for summary judgment. (ECF No. 71.)[1] In sum, the Magistrate Judge concluded that

> Defendants have carried their burden to show that restricting in cell possession of prayer oils and providing prayer oil to be kept in the possession of the chaplain and only used during services is the least restrictive means of furthering a compelling governmental interest in limiting potential allergens or other related negative reactions.

(*Id.* at 19.) The Magistrate Judge did not address the following arguments raised by Defendants in their motion: (1) that Plaintiff failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"); (2) that Plaintiff's claim is not ripe for

---

[1] When the Report was issued, Plaintiff remained housed at TCI. On August 21, 2026, Plaintiff informed the Court that he has been assigned to Livesay Correctional Institution. (ECF No. 89.)

adjudication; (3) that Plaintiff's claim is moot due to his transfer from WCI; and (4) that Plaintiff's claims against the Individual Defendants in their official capacities must be dismissed because Plaintiff cannot rely on the *Ex parte Young* stripping doctrine. (*See* ECF No. 62-1 at 2-11.)

Plaintiff filed objections to the Report and then a supplement. (ECF No. 78, 79.) Defendants filed a reply to Plaintiff's objections. (ECF No. 84.) In their reply, Defendant "request that the Court consider, if necessary, the jurisdictional and PLRA exhaustion arguments" raised in their motion, and they restate their arguments in support of same. (*Id.* at 3-11.) This matter is ripe for review.

**STANDARD OF REVIEW**

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

After careful consideration of the operative complaint, pending motions, the Report, Plaintiff's objections, and Defendants' reply, the Court finds that Plaintiff's RLUIPA claim is moot and hereby dismisses this action.

At the time Plaintiff filed this action, he was incarcerated at WCI, and he alleges that "[t]he events given [sic] rise to [his] claim all occurred at Wateree River Correctional Institution." (ECF No. 1 at 6.) He further alleges that "the issue about in-cell possession of prayer oil occurred on 4/4/25." (Id.) In his complaint, when asked if Plaintiff had filed a grievance with respect to the claims raised therein, Plaintiffs states "yes" and refers to grievances that were all filed while Plaintiff was housed at WCI. (*See* ECF No. 1-1.) On July 22, 2025, however, Plaintiff was transferred out of WCI and was assigned to Kirkland Correctional Institution ("KCI") for a few months, and then was assigned to Trenton Correctional Institution ("TCI") on October 7, 2025. (See ECF Nos. 20, 47-1.) After his transfer to TCI, Plaintiff did not seek to amend his complaint to allege any claims for prospective relief related to the conditions specifically at TCI.

In *Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007), the Fourth Circuit explained that "[m]ootness questions often arise in cases involving inmate challenges to prison policies or conditions, and courts, including our own, have held that the transfer of an inmate from a unit or location where he is subject to the challenged policy, practice, or condition, to a different unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive and declaratory relief, even if a claim for money damages survives." 507 F.3d at 286-87. The Fourth Circuit reasoned as follows:

> Once an inmate is removed from the environment in which he is subjected to the challenged policy or practice, absent a claim for damages, he no longer has a legally cognizable interest in a judicial decision on the merits of his claim. Any declaratory or injunctive relief ordered in the inmate's favor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted. And the newly situated inmate has no further need for such declaratory or injunctive relief, for he is free of the policy or practice that provoked his lawsuit in the first place.

507 F.3d at 287; *see also Rendleman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("as a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there"); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) ("[b]ecause the prisoner has been transferred, his request for injunctive relief is moot").

It is Plaintiff's burden to clearly show he is likely to succeed on the merits and that he is likely to suffer irreparable harm. Plaintiff has not met his burden, however, on the record before the Court. Here, Plaintiff has challenged his treatment while at WCI, and his proposed amended complaint sought to add the Warden of KCI and assert allegations concerning his treatment at KCI. (ECF Nos. 1, 17.) However, "[b]ased on Plaintiff's change of address filing [indicating that he had been transferred to TCI]" and the case law above, the Court found this portion of Plaintiffs' request to amend his complaint "has been rendered moot." (ECF No. 23 at 4.) Notably, Plaintiff did not seek to amend his complaint thereafter to assert allegations concerning his treatment at TCI.

Given the facts and evidence before it and based on the case law above, the Court finds that because Plaintiff is no longer housed at WCI, his claims specific to WCI are now moot. While Plaintiff may be subject to the same challenged policy where he is currently incarcerated, the Court declines to find that Plaintiff has carried his heavy burden

to show he is entitled to injunctive relief at this time. The Court does not have a clear picture of the current situation as is necessary to warrant the extraordinary remedy of granting Plaintiff's motion.

## CONCLUSION

Accordingly, the Court **respectfully declines to adopt** the Magistrate Judge's Report (ECF No. 71) and, for the reasons set forth herein, the Court **grants** Defendants' motion to dismiss on mootness grounds (ECF No. 62), and **denies** Plaintiff's motions for temporary restraining order and for preliminary injunction and for summary judgment. (ECF Nos. 35, 46.) Consequently, the Court **denies as moot** Plaintiff's motion to compel. (ECF No. 22.)

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

August 31, 2026
Charleston, South Carolina